United States District Court
Southern District of Texas

**ENTERED**

July 22, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MISHELL YVETTE GUZMAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:26-CV-00206 |
| | § | |
| WARDEN, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Petitioner Mishell Yvette Guzman was alleged to have been in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Coastal Bend Detention Center in Robstown, Texas, at the time of filing this habeas petition challenging her continued detention under 28 U.S.C. § 2241.  (D.E. 1). This case has been referred to the undersigned for case management pursuant to 28 U.S.C. § 636.  For the reasons discussed below, it is **RECOMMENDED** that this case be **DISMISSED without prejudice** prior to service pursuant to the screening provisions of Rule 4 of the Rules Governing Habeas Actions because Petitioner was removed from the United States on July 10, 2026.  (D.E. 8).

The Petition is dated July 5, 2026 and was received by the Court on July 10, 2026. (D.E. 1, Page 11 and D.E. 1-1, Page 1).  Petitioner alleges she was detained by ICE on June 1, 2026, in Los Angeles, California.  (D.E. 1, Page 2).  As the ICE detainee locator website did not show Petitioner as being in custody at the time this case was initially docketed and

1 / 4

the Petition was mailed from Las Vegas, Nevada, the undersigned entered an Order on July 17, 2026 directing the U.S. Attorney for the Southern District of Texas to file an advisory with the Court advising whether Petitioner is currently in custody and where she has been held since July 1, 2026. (D.E. 7). The advisory was filed on July 21, 2026, stating Petitioner was removed from the United States on July 10, 2026, the same day her Petition was received by this Court, after being in custody at the Coastal Bend Detention Center. (D.E. 8).

The only relief sought in this matter was Petitioner's challenges to her continued detention and removal order and a request to stay her removal. Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. *Lane v. Williams*, 455 U.S. 624 (1982). As Petitioner is no longer in custody, her grounds for relief in this action are moot, her petition no longer presents a live controversy, and this Court lacks jurisdiction to consider her claim. *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (A case becomes moot "when the issues presented are no longer 'live'"); *American Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988) ("If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot."); *Escobar v. Barr*, 824 F. App'x 300, 300-301 (5th Cir. 2020) ("If, during the pendency of litigation, the complaining party receives the relief he originally sought to obtain in court, the action must be dismissed for lack of subject-matter jurisdiction.")

Therefore, it is **RECOMMENDED** that this case be **DISMISSED without prejudice**. The undersigned alternatively recommends Petitioner's case be **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b) because Petitioner has failed to update the Court with her current mailing address and has not otherwise indicated she wishes to proceed with this action after her removal from the United States. *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute).

Respectfully submitted on July 22, 2026.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).